UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELLE CREAL, KASANDRA )
MURPHY, and FELICIA WRIGHT, on )
behalf of themselves and all other similarly )
situated persons, known and unknown, )
     )
           Plaintiffs, )
     )
         v. )         13 C 4275
     )
GROUP O, INC., )
     )
          Defendant. )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Plaintiffs Michelle Creal Kasandra Murphy ("Murphy"), and Felicia Wright (collectively "Plaintiffs") to reopen the notice period and order Group O, Inc. ("Defendant") to provide the names, last known home addresses, and phone numbers of all individuals similarly situated to Plaintiffs who were employed at Defendant's Joliet, Illinois Caterpillar facility ("the facility") during the last three years. For the following reasons, the Court grants this motion for order facilitating notice to similarly situated persons.

**BACKGROUND**

Plaintiffs were clerks at the facility owned by Defendant. Plaintiffs have sued Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")

seeking unpaid overtime wages and other relief, and allege in their complaint: (i) that their hours were rounded in favor of Defendant; (ii) they worked uncompensated pre-shift and post-shift hours; and (iii) they were frequently expected to work through lunch without being paid. On November 12, 2013, this Court issued an order allowing Plaintiffs to post an approved notice in a conspicuous location at the facility. Plaintiffs remaining requests, including the information they now seek, were denied as "overly broad" and "burdensome" because the Court found that Plaintiffs failed to give a precise explanation of which employee positions may have experienced the same unlawful policies Plaintiffs allegedly endured as clerks. *See* Order of November 12, 2013.

During the notice period, thirty-three individuals filed consents to sue with the Court. Plaintiffs also engaged in preliminary discovery at this time. Plaintiffs now ask this Court to reopen the notice period, and require Defendant to provide information about current and former employees who have held positions at the facility during the past three years, specifically: (i) non-exempt supervisors; (ii) lead employees; (iii) store room employees; (iv) material handlers; (v) truck drivers (spotters); (vi) forklift operators; (vii) traffic analysts; and (viii) clerks. Plaintiffs request to notify these employees about the pendency of the case, arguing that new evidence produced during the limited discovery period establishes that these employees are similarly situated persons to the named plaintiffs. Plaintiffs request this information pursuant to the "opt-in" mechanism for collective actions under

29 U.S.C. § 216(b) of the FLSA. Defendant objects, stating that Plaintiffs' evidence does not justify notification beyond what has been previously ordered by this Court.

## DISCUSSION

Under the FLSA, Plaintiffs may bring a collective action on behalf of themselves "and other employees similarly situated" to recover unpaid wages. 29 U.S.C. § 216(b). "The conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). While the Seventh Circuit has not explicitly established criteria for determining whether employees are similarly situated, courts typically proceed under a two-step approach to reach conditional approval or certification of a federal collective action. *See Garcia v. Salmanca Grp., Ltd.*, 07 C 4665, 2008 WL 818632 (N.D. Ill. Mar. 24, 2008) (collecting cases).

For the first step, "the court makes an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 12 C 5710, 2013 WL 5304100 (N.D. Ill. Sept. 19, 2013) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). At this stage, Plaintiffs must make a "modest factual showing sufficient to demonstrate that [she] and potential plaintiffs

together were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell Tel. Co.*, 575 F.Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). This "modest factual showing" requires Plaintiffs to make a minimal showing that others in the potential class are similarly situated with some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees. *Brown*, 2013 WL 5304100 at *12 (internal quotations and citation omitted). It cannot be satisfied simply by unsupported assertions. *Kurgan v. Chiro One Wellness Centers LLC,* 10 C 1899, 2014 WL 642092 (N.D. Ill. Feb. 19, 2014). If Plaintiffs can meet this low burden, notice may be issued to prospective plaintiffs who may opt into the action. "The lenient interpretation standard, however, has sometimes been supplanted by a more rigorous examination standard if there has been more extensive discovery allowed. . ." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 856 (N.D. Ill. 2013). Since the parties have yet to engage in extensive discovery, this Court will assess both parties' submissions, but will not make merit determinations, weigh evidence, or determine credibility. *Id*. at 855-56. The second step focuses on "whether the plaintiffs who have opted in are in fact 'similarly situated to the named plaintiffs," which is not open for determination until after discovery closes. *Brown*, 2013 WL 5304100 at *12. Thus, this Court will not explore the second step since a close of discovery has yet to be set.

## I. Similarly Situated

In support of their motion, Plaintiffs have presented the following evidence in an attempt to establish a modest factual showing that the current and former employees at the facility are similarly situated. First, Plaintiffs offer sworn declarations from two of the named plaintiffs, as well as sixteen opt-in plaintiffs, all of which perform various duties at the facility as non-exempt hourly employees. The declarants state substantially the same thing: (i) that they were not appropriately compensated by Defendant for work prior to and after scheduled shifts; (ii) that they regularly worked over forty hours a week; and (iii) that they often worked through their lunch breaks because the facility was short-staffed. The named plaintiffs also assert in their declarations that Defendant instructed its employees to clock in ten to fifteen minutes before the start of their shift. Second, Plaintiffs offer the deposition testimony of Defendant's Operations Manager as evidence, where he states that the time tracking system rounds to the hour, and employees were told to clock in and out fifteen minutes before or after their shift so they were not "stealing time." Finally, Plaintiffs provide time sheets, Defendant's answers to interrogatories, and Defendant's written time and attendance policy. The policy states that employees are expected to be at their work station at the start of the shift.

Defendant argues that there is no evidence that shows that all of the current and formerly hourly employees that Plaintiffs seek to notify about the case are similarly situated. Defendant complains that the allegations in the declarations are conclusory,

and identical to Plaintiffs' Complaint, which is drafted "in an effort to obfuscate" the depositions of the named plaintiffs. Thus, Defendant asks that this Court allow for further discovery before ordering it to give Plaintiffs the requested information.

The sixteen opt-in plaintiffs who provided declarations, as well as the two named plaintiffs, all represent a wide variety of positions at the facility. However, a variation in employment duties performed by the recent opt-in plaintiffs, the named plaintiffs, and the potential opt-in plaintiffs does not mean that they should be categorized as "dissimilarly" situated. *See Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 849 (N.D. Ill. 2008) ("…plaintiffs can be similarly situated for purposes of the FLSA even though there are distinctions in their job titles, functions, or pay"). "[W]hether . . . discrepancies [between potential class members] will become important down the road does not affect the current question of conditional certification." *Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp. 2d 746, 751 (N.D. Ill. 2010). Courts do not "focus on the day-to-day work activities performed by each class member" until step two of the certification analysis. *Id.* Plaintiffs' evidence currently shows that the potential opt-in plaintiffs used the same time tracking system and allegedly were subject to the same wage payment policy as the named plaintiffs. Therefore, this Court finds that Plaintiffs have met a minimal showing, above mere speculation, that these potential opt-in plaintiffs performing various positions at the facility are similarly situated to the named plaintiffs.

**II. Illegal Policy or Practice**

**A. Rounding Practice**

With respect to whether these potential opt-in plaintiffs were victims of the same common company-wide practice as the named plaintiffs, Defendant makes several arguments as to why Plaintiffs have failed to show that there was an illegal policy at the facility. Specifically, Defendant asserts that its wage policy is lawful and that Plaintiffs' claims rest on the "erroneous belief that they have a right to travel time in direct contradiction of the Portal-to-Portal Act." Plaintiffs contend that they are not alleging that they should have been paid for the time it took to walk to their work station, but rather that the rounding practice benefited Defendant only, in violation of the FLSA.

To date, Plaintiffs have offered sufficient evidence (through declarations, depositions, answer to interrogatories, time sheets, and a written policy) to establish that potential opt-in plaintiffs were subject to a common rounding practice and that they performed their employment duties before and after the scheduled start and stop time of their shifts. Deciding whether the Portal-to-Portal Act applies to this case is premature since the Court will not make such merit determinations until extensive discovery has been completed by the parties. *See Bergman*, 949 F. Supp. 2d at 856. Since extensive discovery has yet to be completed, all that Plaintiffs need to show is a modest factual showing that potential opt-in plaintiffs were subject to a common practice that allegedly violated provisions of the FLSA. *See Salmans v. Byron Udell*

*& Associates, Inc.*, 12 C 3542, 2013 WL 707992 (N.D. Ill. Feb. 26, 2013) (stating that "all that is necessary at this stage is for the plaintiffs to establish that the class was subject to a common policy that *allegedly* violates the overtime provisions of the FLSA. . .").  At this stage in the proceedings, the Court holds that Plaintiffs have met the minimal showing required.

### B. Lunch Breaks

Defendant also claims that the deposition testimony of named-plaintiff Murphy, where she states that working through lunch was voluntary, refutes Plaintiffs' allegations that potential opt-in plaintiffs were subject to a common policy of working through their lunch breaks without compensation.  In her deposition, Murphy states, "[t]hey didn't require me to work as far as through my lunch periods, but if I was considered to get my work done and to get it done in a timely manner, I had to work whatever I had to work to get it done."  Not only is Defendant requesting this Court to weigh evidence and determine credibility at an inappropriate time, but this deposition testimony alone is not enough to negate the other evidence provided by Plaintiffs, like the sixteen sworn declarations from the opt-in plaintiffs, which help establish beyond mere speculation that it was common practice for employees at the facility to work through lunch without being compensated.  Accordingly, in this first stage of conditional certification, this Court finds that Plaintiffs have submitted enough evidence to show that the potential opt-in plaintiffs that they seek to notify about this

lawsuit share a factual nexus to the named plaintiffs, as possible victims of illegal policies or procedures at the facility.

It is important to note that if Plaintiffs do not intend on using the form of the notice this Court previously permitted in its order from 11/12/2013, they must notify the Court and submit the new proposed notice and consent forms for approval.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiffs' motion for order facilitating notice to similarly situated persons. Defendant has fourteen days from the time this order is entered to produce the requested information.

_____
Charles P. Kocoras
United States District Judge

May 13, 2014

Dated: _____